HARMAN M. McLEAN, RESPONDENT, *v.* ALONZO ADAMS, APPELLANT.

*Commissioner to take testimony — must be without bias or prejudice — the propriety of appointing him may be reviewed on appeal.*

A commissioner to take testimony in a foreign country should be a person who has no bias or prejudice in regard to the litigants or the cause.

While the functions of such an officer are regulated and strictly limited by statute, his powers are, nevertheless, readily capable of abuse, to the serious detriment of one party or the other; and where such abuse occurs it may often escape discovery when the commission is executed in a distant land.

A party is entitled, as a matter of right, to the appointment of a fair and unbiased commissioner, and if he thinks that right has been denied him, he may procure the order to be reviewed by appeal, without waiting for the return of the deposition and then moving to suppress it.

APPEAL by the defendandant from a Special Term order appointing a commissioner to take testimony in Nicaragua.

*Joseph A. Shoudy,* for the appellant.

*J. Hampden Dougherty,* for the respondent.

BARTLETT, J.:

This is an appeal from so much of an order of the Special Term as names S. A. Cockburn as commissioner to take testimony in the

cause, at Cape Gracias a Dios, in the Republic of Nicaragua. The defendant objects, not to the commission, but to the commissioner. The papers show that Mr. Cockburn is a correspondent of the firm of De Long, Meyer & Co., successors to William Jex & Co., who are described as the agents of the plaintiff in New York and competitors in business at Cape Gracias a Dios, with Leaycraft & Co., the defendant's New York agents. The precise relation which Mr. Cockburn bears to the plaintiff's agents by reason of being their " correspondent " is not disclosed, but there can be no doubt it is a friendly one. There is also some evidence of unfriendly feeling on his part toward the defendant. He made an affidavit in behalf of the plaintiffs, which was used on this very motion, in which he says : " I have understood that the defendant had trouble with the prior Comandante (at Cape Gracias a Dios), Brioso, arising out of some charges that the defendant had smuggled goods into Cape Gracias." A person who stood perfectly indifferent between the parties would hardly have made this affidavit voluntarily.

A commissioner to take testimony should be a person who has no bias or prejudice in reference to the litigants or the cause. While the functions of such an officer are regulated and strictly limited by statute, his powers are, nevertheless, readily capable of abuse to the serious detriment of one party or the other, and where such abuse occurs it may often escape discovery when the commission is executed in a distant land. The best safeguard against the occurrence of any wrong of this kind is the selection of a commissioner to whom no suspicion of partiality can attach. It cannot reasonably be said that Mr. Cockburn is such a person. The learned counsel for the plaintiff concedes in his brief that " if Cape Gracias furnished a large choice, it would be better to appoint a commissioner having no business correspondence with any of the parties or their their agents." With reference to this observation it may be remarked that although the papers show that the number of persons at Cape Gracias a Dios capable of acting as commissioners is not large, there is no satisfactory proof that some one cannot be found there who is both competent and impartial.

The objection that no appeal lies from the order under consideration is not well taken. A party is entitled, as a matter of right, to the appointment of a fair and unbiased commissioner and if he

thinks that right has been denied him he may precure the order to be reviewed by appeal without waiting for the return of the deposition and then moving to suppress it. The order so far as appealed from, should be reversed with costs and disbursements, and the case remitted to the Special Term for the appointment of a new commissioner.

Van Brunt, P. J., and Daniels, J., concurred.

Order reversed, with ten dollars' costs and disbursements. Case remitted to Special Term.